# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**NATE A. LINDELL,**
    **Plaintiff,**

    v.                                                                                Case No. 19-C-704

**WILLIAM POLLARD,**
**ANTHONY MELI,**
**ED WALL,**
**LT. DANIEL CUSHING,**
**JOHN DOES,**
    **Defendants.**

## SCREENING ORDER

Plaintiff Nate A. Lindell, an inmate confined at the Columbia Correctional Institution, filed a *pro se* complaint under 42 U.S.C. § 1983 alleging that the defendants violated his constitutional rights. This order resolves plaintiff's motion for leave to proceed without prepaying the filing fee and screens his complaint.

### I. MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE

The Prison Litigation Reform Act (PLRA) applies to this case because plaintiff was a prisoner when he filed his complaint. *See* 28 U.S.C. § 1915(h). The PLRA allows the court to give a prisoner plaintiff the ability to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. § 1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C. § 1915(b)(1). He must then pay the balance of the $350 filing fee over time, through deductions from his prisoner account. *Id.*

On May 31, 2019, I ordered that plaintiff did not have to pay an initial partial filing fee and gave him twenty-one days to voluntarily dismiss this case. (ECF No. 6.) Plaintiff did not voluntarily dismiss the case. I will grant plaintiff's motion for leave to proceed

without prepaying the filing fee. He must pay the remainder of the filing fee over time in the manner explained at the end of this order.

## II. SCREENING THE COMPLAINT

### A. Federal Screening Standard

Under the PLRA, I must screen complaints brought by prisoners seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). I must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, I apply the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United

2

States, and that whoever deprived him of this right was acting under the color of state law. *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). I construe *pro se* complaints liberally and hold them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

**B. Plaintiff's Allegations**

Plaintiff is suing former Wisconsin Department of Corrections Secretary Ed Wall; former Waupun Correctional Institution (WCI) Warden William Pollard; WCI Security Director Anthony Meli; former WCI Correctional Officer Daniel Cushing; and unidentified Doe defendants. He sues all defendants in their individual capacities.

Plaintiff alleges that shortly after he arrived at WCI in early January of 2013, he heard staff severely injure another inmate. Plaintiff also heard from other prisoners that staff sexually assaulted them during what staff called "staff-assisted strip searches." Defendant John Doe #1, a supervisory official at WCI, directed subordinates to perform staff-assisted strip searches on any prisoners who were placed in control status, which is a status that prisoners were automatically put in when staff accused them of resisting or attacking staff, or damaging their cells.

Defendant Meli issued conduct reports to prisoners who filed PREA (Prison Rape Elimination Act) complaints about staff, charging the prisoners with lying about staff. This deterred prisoners from complaining about staff and emboldened staff to perform staff-assisted strip searches as a means of terrorizing prisoners.

Defendant Pollard "acted as a propagandist" because, "despite mounds of evidence that supported claims that prisoners in WCI's seg unit were being physically, sexually and psychologically tortured, Pollard told the public and probably WI DOC superiors that no abuse was happening." (ECF No. 1 at 3.) Pollard's lies emboldened WCI staff to continue performing staff-assisted strip searches on prisoners.

Defendant Wall "struggled to maintain a façade of ignorance," despite allegedly having received "numerous reports/complaints from prisocrats, prisoners, and families/friends/advocates about abuses in WCI's seg unit." (*Id.*) This conspiracy by Wall to remain ignorant emboldened WCI staff to continue performing staff-assisted strip searches on prisoners.

As a result of defendants Meli, Pollard, and Wall's corrupt acts or refusals to act, plaintiff was subjected to a staff-assisted sexual assault. On December 6, 2013, defendants Cushing and John Doe #2 subjected plaintiff to a staff-assisted strip search in which they allegedly sexually assaulted him. Plaintiff was greatly impacted by the incident because he suffers from PTSD due to childhood sexual abuse, which defendants Cushing and John Doe #2 knew about. Cushing and John Doe #2 knew that they did not need to perform a staff-assisted strip search on plaintiff, but they did it to degrade and humiliate plaintiff, and they did it at least in part because plaintiff wrote and posted articles on his blog exposing inhumane treatment of prisoners in WCI's segregation unit.

Plaintiff claims that:

[b]y defendants Meli, Pollard, and Wall punishing prisoners who filed PREA complaints or allowing such punishments and/or turning blind eyes to numerous credible complaints/reports of abuses of prisoners in WCI's seg unit, emboldening defendant John Doe #1 to direct staff to do staff-assisted strip searches (i.e. sexual assaults) when not necessary and emboldening

4

defendants John Doe #2 and Cushing to sexually assault Lindell without need, at least in part due to Lindell posting articles on his blog about abuse, all of these defendants are involved in and liable for violating plaintiff's First and Eighth Amendment rights.

(*Id.* at 5-6.) Plaintiff seeks compensatory and punitive damages, and declaratory relief.

**C. Analysis**

Plaintiff claims that defendants Cushing and John Doe #2 sexually assaulted him during a staff-assisted strip search, and that Cushing inserted his finger into plaintiff's anus during the search. These allegations state a claim under the Eighth Amendment, *see King v. McCarty*, 781 F.3d 889, 897 (7th Cir. 2015) (prisoner states a claim under the Eighth Amendment when he alleges that strip search was motivated by desire to harass or humiliate rather than by a legitimate justification, or when strip search conducted in a harassing manner intended to humiliate and cause psychological pain), and under the Fourth Amendment, *Henry v. Hulett*, ___ F.3d ___, 2019 WL 3229153, at *1 (7th Cir. July 16, 2019) (Fourth Amendment does not apply to visual inspections of convicted prisoners but does apply to procedures that entail intrusions within prisoners' bodies).

Plaintiff also claims that defendants Cushing and John Doe #2 performed the strip search at least in part in retaliation for plaintiff's blog posting about the conditions at WCI. Plaintiff may proceed on a retaliation claim based on these allegations. *See Watkins v. Kasper*, 599 F.3d 791, 794 (7th Cir. 2010) (citing *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009)).

Plaintiff does not allege that defendants Pollard, Meli, Wall, or John Doe #1 had any personal involvement with the strip search. But he alleges that they contributed to causing the strip search based on their prior actions. At this early stage, plaintiff may also

5

proceed against these defendants under the First and Eighth Amendments. *See Childress v. Walker*, 787 F.3d 433, 439-40 (7th Cir. 2015).

Plaintiff will need to use discovery to identify the real names of the Doe defendants.

### III. CONCLUSION

For the reasons stated, **IT IS ORDERED** that plaintiff's motion for leave to proceed without prepaying the filing fee (ECF No. 2) is **GRANTED**.

Under an informal service agreement between the Wisconsin Department of Justice and this court, a copy of the complaint and this order have been electronically transmitted to the Wisconsin Department of Justice for service on defendants Pollard, Meli, Wall, and Cushing. It is **ORDERED** that, under the informal service agreement, that these defendants shall file a responsive pleading to the complaint within 60 days.

**IT IS FURTHER ORDERED** that the agency having custody of plaintiff shall collect from his institution trust account the $350.00 balance of the filing fee by collecting monthly payments from plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this case. If plaintiff is transferred to another county, state, or federal institution, the transferring institution shall forward a copy of this order along with his remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where plaintiff is confined.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions[1] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the court to the following address:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the matter.

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this case for failure to diligently pursue it. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

---

[1] The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

Dated at Milwaukee, Wisconsin, this 25th day of July, 2019

                                                s/Lynn Adelman
                                                LYNN ADELMAN
                                                United States District Judge